**YA ZHEN HUANG, Jian Guo Zheng, Petitioners,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

No. 07–4976–ag.

United States Court of Appeals, Second Circuit.

Nov. 19, 2009.

Steven A. Mundie, Baron, Mundie, & Shelkin, P.C., New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay E. Williams, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioners Ya Zhen Huang and Jian Guo Zheng, natives and citizens of the People's Republic of China, seek review of an October 15, 2007 order of the BIA denying their motion to reopen. *In re Ya Zhen Huang, Jian Guo Zheng,* Nos. A095 467 413, A095 467 414 (B.I.A. Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a mo-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Acting Attorney General Peter D. Keisler as respondent in this case.

**614**

tion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying petitioners' untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Petitioners argue that they established their *prima facie* eligibility for relief from removal based on the birth of their U.S. citizen children. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which petitioners submitted and have found no error in its conclusion that such evidence is insufficient to demonstrate a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Petitioners' arguments related to the filing of a successive asylum application, including their equal protection and United Nations Protocol arguments, are without merit. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).